UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re.

VINCENT ROSENBALM,

    Plaintiff.

No. C 06-7801 SI (pr)
No. C 06-7802 SI (pr)
No. C 07-0316 SI (pr)
No. C 07-0606 SI (pr)
No. C 07-0776 SI (pr)
No. C 07-1295 SI (pr)
No. C 07-1555 SI (pr)

**ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL**

    Vincent Rosenbalm filed seven civil actions and two habeas corpus petitions in the last several months. He was in the Mendocino County Jail until February 2007, and has been in the Napa State Hospital since then. This order concerns only his civil rights complaints and petition for writ of mandate; it does not concern his habeas petitions. Rosenbalm seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 in all the referenced cases.

    A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

    For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil

Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Rosenbalm has filed many cases, of which none apparently were successful, does not alone warrant dismissal under § 1915(g). See id. Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Rosenbalm's prior prisoner actions in this court reveals that Rosenbalm has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Rosenbalm is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Rosenbalm v. Klein, N. D. Cal. Case No. C 96-850 SI (civil action dismissed under former § 1915(d) (allowing dismissal of pauper action "if satisfied that the action is frivolous or malicious") because allegations in complaint duplicated allegations in an earlier action); (2) Rosenbalm v. Lungren, N. D. Cal. Case No. C 96-2121 SI (civil action

1 dismissed under former § 1915(d) (allowing dismissal of pauper action "if satisfied that the
2 action is frivolous or malicious") because allegations in complaint duplicated allegations in an
3 earlier action); (3) <u>Rosenbalm v. Lungren</u>, N. D. Cal. Case No. C 96-3375 SI (civil rights action
4 dismissed under former § 1915(d) (allowing dismissal of pauper action "if satisfied that the
5 action is frivolous or malicious") because allegations in complaint duplicated allegations in an
6 earlier action); and (4) <u>Rosenbalm v. State of California</u>, N. D. Cal. Case No. C 96-0010 SI (civil
7 rights action dismissed for failure to state a claim upon which relief may be granted). The court
8 made its evaluation of these cases based on the dismissal orders in them. <u>See</u> <u>Andrews</u>, 398 F.3d
9 at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files
10 may need to be consulted).

11 In light of these dismissals, and because Rosenbalm does not appear to be under imminent
12 danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later
13 than **April 27, 2007** why <u>in forma pauperis</u> should not be denied and this action should not be
14 dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why this action
15 should not be dismissed, Rosenbalm may avoid dismissal by paying the full $350.00 filing fee
16 by the deadline for each of the referenced cases. Rosenbalm also may be able to avoid dismissal
17 under § 1915(g) by showing that his current residence in the Napa State Hospital is pursuant to
18 a civil commitment, rather than as part of the criminal proceedings against him. If he contends
19 he is in Napa State Hospital on a civil commitment, he must provide a copy of the order of
20 commitment as proof of that fact.

21    IT IS SO ORDERED.
22 Dated: March 21, 2007                                          _____
                                                                    SUSAN ILLSTON
23                                                                  United States District Judge